U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

APR 1  11 54 AM '98

DISTRICT OF MASSACHUSETTS
FILED IN CLERKS
OFFICE

UNITED STATES OF AMERICA    )
                            )
              v.            )    Criminal No. 97-40009-NMG
                            )
ROBERT F. CARROZZA, ET AL.  )    **DOCKETED**

## GOVERNMENT'S BILL OF PARTICULARS

The United States of America, by and through its undersigned attorneys, respectfully files the following bill of particulars as required by the Court's Final Status Report, dated December 4, 1997. Included in this bill of particulars is a list of the unindicted coconspirators as to the racketeering charges, the gambling charges, and the drug charges. This list may be supplemented as the investigation in this case continues.

1. Count One (Racketeering Act C-1): The Court held that defendants Robert Carrozza (Final Status Report p.4) and Michael Romano (pp. 15-16) were not entitled to any further specificity regarding the arson alleged in Racketeering Act F and the interstate travel alleged in Racketeering Act C-1, except to the extent that the act of arson in Racketeering Act C-1 was not the same as that alleged in Racketeering Act F. See p.4 n.4. The act of arson alleged in Racketeering Act F is the same act of arson underlying the interstate travel alleged in Racketeering Act C-1.

1

2.    Count One (Racketeering Act C-2) and Count Thirty-Two: The Court ordered the government to notify defendants Robert Carrozza and Michael Romano whether the gambling business and extortionate acts referred to in Racketeering Act C-2 and in Count Thirty-Two (Travel in Aid of Racketeering) are the same as those detailed in Racketeering Acts D-1, D-2, and E, and if not, to file a bill of particulars regarding the gambling business and the extortionate acts.

Racketeering Act C-2 and Count Thirty-Two allege that Carrozza, Romano, Anthony Ciampi, and John Arciero traveled and caused travel in interstate commerce between the Commonwealth of Massachusetts and the Commonwealth of Pennsylvania with the intent of promoting, managing, establishing, carrying on, and facilitating unlawful activity, that is, extortion and a business enterprise involved in gambling in violation of the laws of the Commonwealth of Massachusetts, and thereafter did commit crimes of violence to further the unlawful activity, and perform and attempt to perform acts to promote, etc., the unlawful activity, all in violation of 18 U.S.C. §§ 1952 and 2.  The "unlawful activity" underlying Racketeering Act C-2 and Count Thirty-Two consists of all of the extortionate acts and illegal gambling operations in which the defendants were involved, including, but not limited to, the two illegal gambling businesses alleged in Racketeering Acts D-1 and D-2 (and Counts Thirty-Three and

2

Thirty-Four), and the conspiracy to extort, attempted extortion of, and extortion of Joseph Cirame alleged in Racketeering Act E (and Counts Thirty-Five and Thirty-Six).  The evidence will show that Carrozza, Romano, Ciampi, and other defendants collected or attempted to collect "street tax" (extortion money) from a number of illegal gambling businesses and drug dealers in East Boston and elsewhere, and that they wanted to continue and to expand this illegal activity.  Thus, in traveling to Pennsylvania, the defendants intended to carry on and facilitate their own illegal gambling businesses, and to promote, establish, carry on, and facilitate others' illegal gambling businesses, as well as their own "street tax" activities.

3.    Count One (Racketeering Act A-1) and Count Three:  Both Racketeering Act A-1 and Count Three allege that the defendants conspired to murder Francis Salemme, Stephen Rossetti, Mark Rossetti, Ralph Rossetti, Richard Devlin, Richard Gillis, Joseph Souza, Richard Floramo, Michael Prochilo, Joseph Cirame, Timothy Larry O'Toole, Robert Paleo, Robert Luisi, Jr., and Lonnie Hilson, in aid of racketeering.  In response to motions filed by defendants Christopher Puopolo (p.13), Eugene Rida (p.21), John Arciero (p.21), and Mark Spisak (p.21), the Court ordered the government to file a bill of particulars setting forth the date, location, and method by which the attempted murders of four of those individuals -- Mark Rossetti, Ralph Rossetti, Richard

3

Floramo, and Robert Paleo -- occurred and identifying the roles of defendants Puopolo, Rida, Arciero, and Spisak in the conspiracy.

Racketeering Act A-1 and Count Three allege that the defendants conspired to commit murder in aid of racketeering; they do not allege that the defendants actually attempted to murder or did murder their targets. Specific attempted murders and completed murders are charged in other racketeering acts and counts of the indictment, but it is the broad conspiracy to murder -- broader than the specific, charged attempted murders and completed murders -- that is alleged in Racketeering Act A-1 and Count Three. Thus, although Mark Rossetti, Ralph Rossetti, Richard Floramo, and Robert Paleo were intended targets of the conspiracy, the government has not alleged specific attempts on their lives.

4.    Count Four:  Count Four alleges that the defendants used and carried firearms during and in relation to the crime of violence charged in Count Three, that is, the conspiracy to murder Salemme and others in aid of racketeering. The Court found Count Four to be insufficiently specific to the extent that defendants Romano (p.16), Papal (p.15), Rida (p.25), Arciero (p.25), and Spisak (p.25) are being charged with using and carrying or aiding and abetting the use and carrying of a firearm in connection with the attempted murders of Mark Rossetti, Ralph

4

Rossetti, Floramo, and Paleo, because the indictment does not identify during which offenses the defendants used or carried, or aided and abetted the use or carrying, of a firearm, and the names of those the defendants aided and abetted.  The Court also found Count Four insufficiently specific as to defendant Carrozza (p.7), and ordered the government to identify the offenses as to which Carrozza aided and abetted the use or the carrying of a firearm and the names of those he aided and abetted.

Count Four charges the defendants with using and carrying firearms during and in relation to a conspiracy to murder, not during and in relation to specific attempted or completed substantive crimes of violence.  Thus, the "specific offenses" as to which the defendants are alleged to have used or carried, or aided and abetted the use or carrying of a firearm are all the same:  the conspiracy to murder in aid of racketeering that is charged in Count Three.  Evidence that the defendants used and carried firearms or aided and abetted the use and carrying of firearms during and in relation to the broad conspiracy to murder will consist, in part, of the evidence regarding the specific attempted murders and completed murders charged elsewhere in the indictment, but will also include evidence establishing that the conspirators used and carried firearms more generally in connection with their conspiracy to murder Salemme and others, and not just during and in relation to their specific attempts to

5

murder their intended targets.

5.    Count Four:  The government does not intend to prove that firearms were used in the attempted murder of O'Toole (see p.15 n.7).

6.    Count One (Racketeering Act D-2) and Count Thirty-Four: Defendant Mark Spisak is charged in Racketeering Act D-2 and Count Thirty-Four with operating an illegal gambling business with Anthony Ciampi, in violation of 18 U.S.C. §1955 and 2. The Court found that the indictment included only a general allegation regarding Spisak's participation in the illegal gambling business, and ordered the government to identify Spisak's role in the operation (pp. 22, 28).

Defendant Mark Spisak was a dealer in the illegal gambling business operated by Anthony Ciampi at the club on Bennington Street.

7.    a.    The following is a list of the unindicted coconspirators and/or aiders and abetters in the RICO conspiracy and one or more of the underlying racketeering acts and the substantive counts pertaining to those same incidents(s):

John Mele
Lenny Sennibaldi
Ralph Buonopane
Frank Imbruglia
Raymond J. Patriarca
Louis Ciampi
Robert Ciampi
John Cincotti
Michael Romano, Jr.
Joseph Russo

6

Vincent Ferrara
Mark Ricupero
Leo LNU
Nick Petrizzi
Paul Strazzulla
Conno Frizzi, Sr.
Connie Frizzi, Jr.
Anthony Diaz
David Boyd
Mark Cataldo
FNU DeCologero
Mae Carrozza
Anthony Rizzo
Bob Fawcett
Lucille Ciampi
Chris Puopolo
John Stornaivolo
Gary Macarelli
Biagio DeGiacomo
Anthony Spagnolo

b.   The following are unindicted coconspirators and/or aiders and abetters in the illegal gambling business set forth in Count Thirty-Three and Racketeering Act D-1, only:

Richard Brown
John Morris
Andy LNU
Jerry Matricia

c.   The following are unindicted coconspirators and/or aiders and abetters in the illegal gambling business set forth in Count Thirty-Four and Racketeering Act D-2, only:

Gus LNU

d.   The following are unindicted coconspirators and/or aiders and abetters in the drug distribution conspiracy alleged in Count Thirty and Racketeering Act B, only:

James Giacalone
Alejandro LNU, a/k/a "Alex"

7

Joe Calderelli
Mike Mallone
Les Corey
John Stella
Nick Capo
Charlie McConnell
Rudy Carillo
Jason LNU
Steve Murray
Bobby LNU
Mark Weddleton

Respectfully submitted,

DONALD K. STERN
United States Attorney

By: _____
JEFFREY AUERHAHN
CYNTHIA A. YOUNG
Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

Suffolk, ss.

Boston, Massachusetts
February 3, 1998

I, Cynthia A. Young, Assistant United States Attorney, do hereby certify that I have this day served a copy of the foregoing Government's Bill of Particulars upon counsel for all defendants.

_____
Cynthia A. Young
Assistant U.S. Attorney

8